Matthew D. Francis
Nevada Bar No. 6978
**BROWNSTEIN HYATT**
  **FARBER SCHRECK, LLP**
5520 Kietzke Lane, Suite 110
Reno, Nevada 89511
Tel: (775) 324-4100
Fax: (775) 333-8171
E-mail: mfrancis@bhfs.com

Matthew Satchwell (*Pro Hac Vice*)
Michael L. Burns (*Pro Hac Vice*)
Peter F. Nelson (*Pro Hac Vice*)
**DLA PIPER LLP (US)**
444 West Lake St, Ste 900
Chicago, IL 60606
Tel: (312) 368-2111
Fax: (312) 236-7516
Email: matthew.satchwell@us.dlapiper.com
       michael.burns@us.dlapiper.com
       peter.nelson@dlapiper.com

*Attorneys for Defendant*
*Talon Engineering SDN BHD*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WEARFORCE, PTY LTD.,<br><br>          Plaintiff,<br><br>     v.<br><br>TALON ENGINEERING, SDN BHD,<br><br>          Defendant.<br>―――――――――――――――――<br>TALON ENGINEERING, SDN BHD,<br><br>          Counterclaimant,<br><br>     v.<br><br>WEARFORCE, PTY LTD.,<br><br>          Counterdefendant. | Case No.: 3:21-cv-00284-MMD-CSD<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR ISSUANCE OF LETTERS OF REQUEST TO EXAMINE PERSONS AND INSPECT DOCUMENTS PURSUANT TO HAGUE CONVENTION AND MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT** |

Defendant and counterclaimant Talon Engineering, Sdn Bhd ("Talon") respectfully submits this Motion for Issuance of Letters of Request to Examine Persons and Inspect Documents Pursuant to Hague Convention (the "Motion"). *See* Declaration of Michael Burns ("Burns Decl."), ¶¶ 2-6, Exs. 1-5 (copies of the Letters of Request). The Motion should be granted so that Talon may obtain documents and testimony from Richard Shelton, Scott Vile, Allen Vaughan, Amy Francis Chapman, and Castech Solutions Pty Ltd, each of whom have information relevant to Talon's claims and/or defenses. The Motion is unopposed. *Id.* ¶ 10, Ex. 9.

## I. Background

On June 24, 2021, Plaintiff Wearforce, Pty Ltd ("Wearforce") filed the present action against Talon, alleging infringement of U.S. Reissue Patent No. 47,477 ("RE'477 patent" or "Asserted Patent"). *See* D.I. 1, at ¶ 1. On November 4, 2021, Talon answered, denying all allegations of infringement and counterclaiming that the Asserted Patent was unenforceable and that Wearforce was liable for intentional interference with prospective economic advantage. *See* D.I. 20, at 29–30.

In support of its counterclaims and defenses, Talon seeks documents and testimony from Kathleen Britto, Richard Shelton, Scott Vile, Allen Vaughan, Amy Francis Chapman, and Castech Solutions Pty Ltd. Burns Decl., ¶¶ 2-6, Exs. 1-5. Each of these third parties has information relevant to Talon's claims and/or defenses. In addition, each of these third parties resides in Australia and Wearforce has represented that it cannot accept service of any subpoena(s) directed to them. *Id.* ¶ 7, Ex. 6, at 1, 3.

**Castech Solutions Pty Ltd.** Castech Solutions Pty Ltd ("Castech") is a listed applicant of the Asserted Patent and the current employer of the named inventor, Allen Vaughan. *Id.* ¶ 8, Ex. 7, at 2, ¶ 9, Ex. 8, at 1. The Letter of Request to Castech seeks information related to the conception and reduction to practice of the Asserted Patent, as well as information related to the named inventor and any prior art to the Asserted Patent. *Id.* ¶ 3, Ex. 2.

**Richard Shelton.** Wearforce listed Richard Shelton on its Rule 26(a) initial disclosures as an employee of "Castech Solutions Pty Ltd, who has knowledge of the manufacturing of Wearforce's products that practice the Patent-in-Suit." *Id.* ¶ 8, Ex. 7, at 2. The Letter of Request

2

1  to Richard Shelton seeks information related to the conception and reduction to practice of the
2  Asserted Patent, as well as information related to the named inventor and any prior art to the
3  Asserted Patent. *Id.* ¶ 4, Ex. 3.

4      **Scott Vile.**  Wearforce listed Scott Vile on its Rule 26(a) initial disclosures as "hav[ing]
5  knowledge of the preparation, filing, and prosecution of the Patent-in-Suit." *Id.* ¶ 8, Ex. 7, at 2.
6  The Letter of Request to Scott Vile seeks information related to the conception and reduction to
7  practice of the Asserted Patent, as well as information related to the named inventor and any prior
8  art to the Asserted Patent. *Id.* ¶ 5, Ex. 4.

9      **Allen Vaughan.**  Allen Vaughan is the named inventor of the Asserted Patent. *Id.* ¶ 8, Ex.
10  7, at 2, ¶ 9 Ex. 8, at 1.  The Letter of Request to Allen Vaughan seeks information related to the
11  conception and reduction to practice of the Asserted Patent, as well as information related to the
12  named inventor and any prior art to the Asserted Patent. *Id.* ¶ 6, Ex. 5.

13      **Amy Francis Chapman.**  Talon alleges that Wearforce committed inequitable conduct
14  before the USPTO by knowingly listing Danny Stewart as the sole inventor of the Asserted Patent,
15  despite knowing that Allen Vaughan was the true sole inventor. See D.I. 20, at 29–30.  Amy Francis
16  Chapman filed a declaration as the "legal representative/heir" of Danny Stewart in which she stated
17  that Danny Stewart was "the original and first inventor[] of the subject matter which is claimed and
18  for which a patent is sought." *Id.*  The Letter of Request to Amy Francis Chapman seeks
19  information related to the conception and reduction to practice of the Asserted Patent, as well as
20  information related to the statements made in her declaration. Burns Decl. ¶ 2, Ex. 1.

21  **II.  Legal Standard**

22      The proper method for collecting documents and the taking of testimony of persons residing
23  in Australia is to seek the issuance of a Letter of Request under the Hague Convention of March
24  18, 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23
25  U.S.T. 2555, reprinted in 28 U.S.C. § 1781 ("Hague Convention"), which is in force between the
26  United States and Australia. Fed. R. Civ. P. 28(b); *see also* AUSTRALIAN GOV'T, ATTORNEY-
27  GENERAL'S DEP'T, *Taking evidence in Australia for Foreign Court Proceedings*,
28

3

https://www.ag.gov.au/international-relations/publications/taking-evidence-australia-foreign-court-proceedings (last visited July 26, 2022).

A Letter of Request is what the Hague Convention refers to as a traditional "letter rogatory." *Crypto Asset Fund, LLC v. Opskins Grp. Inc.*, No. 19-cv-06983, 2020 WL 4557059, at *1 (C.D. Cal. Jan. 14, 2020) ("A deposition may be taken in a foreign country under a letter of request, sometimes called a 'letter rogatory'"). "A letter rogatory is a formal written request sent by a court to a foreign court asking that the testimony of a witness residing within that foreign court's jurisdiction be taken pursuant to the direction of that foreign court and transmitted to the requesting court for use in a pending action." *Crocs, Inc. v. La Modish Boutique*, No. 21-cv-5641, 2021 WL 5933147, at *2 (C.D. Cal. Nov. 12, 2021). "A letter rogatory can also include requests for the production of documents." *Id.* (citing *Asis Internet Servs. v. Optin Glob., Inc.*, No. 05-cv-05124, 2007 WL 1880369, at *3 (N.D. Cal. June 29, 2007) and *United States v. Reagan*, 453 F.2d 165, 168 (6th Cir. 1971)).

District courts have the inherent authority to issue a letter rogatory. *Id.* (citing *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958)). The court should not weigh the evidence sought from the request or predict whether evidence will actually be obtained. *Id.*

### III.     Argument

Talon respectfully requests that the Court issue the Letters of Request to Richard Shelton, Scott Vile, Allen Vaughan, Amy Francis Chapman, and Castech Solutions Pty Ltd. *See* Burns Decl., ¶¶ 2-6, Exs. 1-5 (copies of the Letters of Request). As explained *supra*, all but one of these third parties was listed in Wearforce's Rule 26(a) initial disclosures and each has valuable information relevant to Talon's claims and/or defenses. These individuals are not subject to this Court's jurisdiction—they are in Australia and are not parties to the case—so Talon's only means for obtaining information from these individuals is through the Hague Convention. Without the Letters of Request, Talon would otherwise be unable to obtain information vital to its claims and/or defenses. Wearforce does not oppose this Motion. *Id.* ¶ 10, Ex. 9.

4

## IV. Conclusion

For the foregoing reasons, Talon respectfully requests the court issue the Letters of Request to Richard Shelton, Scott Vile, Allen Vaughan, Amy Francis Chapman, and Castech Solutions Pty Ltd.

**DATED:** July 29, 2022

/s/ *Michael L. Burns*

Matthew D. Francis (NV Bar No. 6978)
**BROWNSTEIN HYATT
 FARBER SCHRECK, LLP**
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel: (775) 324-4100
Fax: (775) 333-8171
Email: mfrancis@bhfs.com

Matthew Satchwell (*Pro Hac Vice*)
Illinois Bar No. 6290672
Michael L. Burns (*Pro Hac Vice*)
Pennsylvania Bar No. 204365
Peter F. Nelson (*Pro Hac Vice*)
Texas Bar No. 24123832
**DLA PIPER LLP (US)**
444 West Lake St, Ste 900
Chicago, IL 60606
Tel: (312) 368-2111
Fax: (312) 236-7516
Email: matthew.satchwell@us.dlapiper.com
       michael.burns@us.dlapiper.com
       peter.nelson@dlapiper.com

*Attorneys for Defendant
Talon Engineering SDN BHD*

IT IS SO ORDERED.

DATED: August 1, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

5